# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

SECURITIES AND EXCHANGE COMMISSION,  Civil No. 10-3995 (DWF/JJK)

  Plaintiff,

**FINAL JUDGMENT AS TO DEFENDANT CAPITAL SOLUTIONS MANAGEMENT, LP**

v.

TRUE NORTH FINANCE CORPORATION, f/k/a
CS FINANCING CORPORATION; CAPITAL
SOLUTIONS MONTHLY INCOME FUND, LP, f/k/a
HENNESSEY FINANCIAL MONTHLY INCOME
FUND, LP; CAPITAL SOLUTIONS DISTRIBUTORS,
LLC; CAPITAL SOLUTIONS MANAGEMENT, LP;
TRANSACTIONAL FINANCE FUND
MANAGEMENT, LLC; TODD A. DUCKSON;
MICHAEL W. BOZORA; TIMOTHY R.
REDPATH; and OWEN MARK WILLIAMS,

  Defendants.

The Securities and Exchange Commission having filed a Complaint and

Defendant Capital Solutions Management, LP, having entered a general appearance;

consented to the Court's jurisdiction over Defendant and the subject matter of this action;

consented to entry of this Final Judgment without admitting or denying the allegations of

the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law;

and waived any right to appeal from this Final Judgment:

### I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant

and Defendant's agents, servants, employees, attorneys, and all persons in active concert

or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 17(a)(2) and (3) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)(2) and (3)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)      to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(b)      to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is liable for disgorgement of $1,342,581, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $166,896, and a civil penalty in the amount of $130,000 pursuant to Section 20(d) of the Securities Act, for a total of $1,639,477.  Defendant shall satisfy this obligation by paying $1,639,477 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.   Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Capital Solutions Management, LP as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval.  The Court shall retain jurisdiction over the administration of any distribution of the Fund.  If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment.  Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

V.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated:  April 15, 2013                    s/Donovan W. Frank
                                          DONOVAN W. FRANIK
                                          United States District Judge

4