UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Securities and Exchange Commission,  Civil No. 10-3995 (DWF/JJK)

          Plaintiff,

v.  **MEMORANDUM OPINION AND ORDER**

True North Finance Corporation,
formerly known as CS Financing Corporation;
Capital Solutions Monthly Income Fund, LP,
formerly known as Hennessey Financial
Monthly Income Fund, LP; Transactional
Finance Fund Management, LLC;
Todd A. Duckson; and Owen Mark Williams,

          Defendants.

_____

Benjamin J. Hanauer, Esq., Eric M. Phillips, Esq., Marlene B. Key-Patterson, Esq., and Daniel J. Hayes, Esq., US Securities and Exchange Commission, counsel for Plaintiff.

Scott R. Carlson, Esq., DC Law Chartered, counsel for Defendants Capital Solutions Monthly Income Fund, LP, formerly known as Hennessey Financial Monthly Income Fund, LP, and Transactional Finance Fund Management, LLC.

Lawrence J. Field, Esq., and Bryant D. Tchida, Esq., Leonard Street and Deinard, PA, counsel for Defendant Todd A. Duckson.

_____

This matter came before the Court for a pretrial hearing on September 3, 2013. Consistent with, and in addition to the Court's rulings and remarks from the bench, and based upon the memoranda, pleadings, and arguments of counsel, and the Court having

reviewed the contents of the file in this matter and being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1. Plaintiff Securities and Exchange Commission's Motion *in Limine* No. 1 to Preclude Evidence and Argument Concerning Truth on the Market Defense (Doc. No. [220]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

   a. Assuming that proper foundation is laid by Defendants, to the extent the proffered evidence through brokers and investors relates primarily to the issue of reliance, such evidence is presumptively inadmissible pursuant to the Court's Article 4 analysis.

   b. However, to the extent that proper foundation is laid and the evidence relates to what Mr. Duckson told the brokers and investors, the evidence shall be presumptively admissible, assuming that it is not otherwise excluded based upon when the information was relayed by Mr. Duckson to a broker or investor, the nature of the information, or how it was communicated. This decision of the Court assumes that part of the foundation will entail Mr. Duckson taking the witness stand first, before such testimony is elicited from a broker or investor. This decision of the Court is made pursuant to Rule 104 and Article 4 of the Federal Rules of Evidence.

2. Plaintiff Securities and Exchange Commission's Motion *in Limine* No. 2 to Preclude Speculative and Hindsight Testimony About Whether Defendants' Statements Were Misleading (Doc. No. [224]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. The Court concludes that to the extent the evidence focuses on hindsight testimony or hindsight evaluation looking back at what occurred at the relevant times in question, such testimony shall be presumptively inadmissible pursuant to the Court's Article 4 analysis, absent further order of the Court.

    b. However, assuming that proper foundation is established, including whether a particular witness has read any document in question or recalls a conversation at the time and place in question, to the extent that a witness has a lay opinion, pursuant to Rule 701, of any statements read or represented to him or her, such testimony will be presumptively admissible pursuant to Article 4.

3. Plaintiff Securities and Exchange Commission's Motion *in Limine* No. 3 to Preclude Hearsay and Character Evidence Concerning Defendant Todd Duckson (Doc. No. [229]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. To the extent that proper foundation is laid, including Mr. Duckson testifying prior to any witness who allegedly participated in the drafting process for the documents at issue, the evidence will be

presumptively admissible, provided that it otherwise meets the Court's Article 4 analysis and is not otherwise excluded as hearsay evidence.

    b.    The Court, however, cautions the parties that this ruling is predicated on the presumption that before any such testimony is elicited, Mr. Duckson will have taken the witness stand and testified, with or without objection, to specifically what he said or did. The Court further notes that, on the record presently before the Court, it is doubtful that adequate foundation will be established in such a manner or that such testimony will constitute habit evidence, pursuant to Rule 406. Importantly, even if such evidence could qualify as an exception to the hearsay rule under Rule 803(3), absent Mr. Duckson testifying first to the specifics of anything he said as to time, place, and contact, the evidence may well be inadmissible under Rule 102 and Article 4.

4.    Plaintiff Securities and Exchange Commission's Motion *in Limine* No. 4 to Preclude Evidence and Argument Concerning the Cause of the Demise of the Capital Solutions Monthly Income Fund or Investor Losses (Doc. No. [234]) is **GRANTED** as follows:

    a.    The Court concludes that such evidence is presumptively inadmissible pursuant to its Article 4 analysis.

b. Absent further order of the Court or an additional offer of proof, the Court concludes that such evidence has no direct or probative relationship to the issues to be presented to the jury.

5. Plaintiff Securities and Exchange Commission's Motion *in Limine* No. 5 to Exclude Testimony of Kenneth McGraw (Doc. No. [239]) is **DENIED AS MOOT** as Defendants have indicated that they do not intend to call Mr. McGraw at trial.

6. Plaintiff Securities and Exchange Commission's Motion *in Limine* No. 6 to Preclude Evidence and Argument Regarding the Supposed Wealth, Sophistication, and Lack of Diligence of Investors (Doc. No. [273]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

a. To the extent that the offered evidence regarding the investors relates to lack of diligence, such evidence does not survive a Rule 403 analysis (with one exception which the Court will discuss below) and is therefore presumptively inadmissible absent further order of the Court.

b. To the extent that proper foundation is laid and the offered testimony goes to the limited issue of materiality as it relates to what Mr. Duckson informed the parties and why, including the issue of a particular investor's presumed or asserted sophistication and wealth, such evidence will be presumptively admissible, provided that it otherwise survives the Court's Article 4 analysis.

7. Plaintiff Securities and Exchange Commission's Motion *in Limine* No. 7 to Preclude Evidence and Argument Regarding Supposed Property Values (Doc. No. [278]) is **GRANTED** as follows:

    a. Evidence of asserted property values shall be presumptively inadmissible, unless and until there is an additional offer of proof pursuant to Rule 104 establishing sufficient foundation for who made the appraisals, at whose direction, the timing of the appraisals, when they were received, and how they were used. If and when the Court receives an additional offer of proof and any exhibits related to that offer of proof, the Court reserves the right to revisit the issue, whether prior to opening statements or later in the trial, if necessary.

    b. Absent further ruling by the Court, there shall be no reference to property values in the opening statements of either Plaintiff or Defendants.

8. Plaintiff Securities and Exchange Commission's Motion *in Limine* No. 8 Pursuant to Federal Rule of Evidence 611 (Doc. No. [283]) is **GRANTED** as follows:

    a. Absent further order of the Court, Plaintiff will be permitted to ask leading questions of witnesses Jon Essen and Timothy Redpath. The Court reserves the right to hear any additional argument from defense counsel with respect to the Court's ruling in the event Defendants can establish that Mr. Essen or Mr. Redpath entered into any agreement with

Plaintiff (as part of the settlement of the claims against them in the case or any other matter) to testify in a particular manner.

  b. Absent further order of the Court, Defendants will not be permitted to ask leading questions of either Jon Essen or Timothy Redpath. The Court reserves the right to change its ruling in the event it is established (by way of proper foundation), pursuant to Rule 611, that Mr. Essen and Mr. Redpath are truly adverse to Mr. Duckson and not the SEC.

9. Plaintiff Securities and Exchange Commission's Motion *in Limine* No. 9 to Preclude Evidence and Argument Regarding Plaintiff's Charging Decision (Doc. No. [287]) is **GRANTED** as follows:

  a. Absent further order of the Court, evidence as to Plaintiff's so-called charging decision shall be presumptively inadmissible.

  b. The evidence does not survive the Court's Rule 104 and Rule 403 analysis.

10. Plaintiff Securities and Exchange Commission's Motion *in Limine* No. 10 to Allow the Introduction of Portions of the Deposition of Jeffrey Gardner From a Related Case (Doc. No. [244]) is **GRANTED** as follows:

  a. To the extent Plaintiff seeks to introduce at trial deposition testimony of Jeffrey Gardner from the *First Commercial Bank* case, the

motion is **GRANTED**, provided that Plaintiff properly designates the portions of Mr. Gardner's testimony it intends to introduce.

    b.    Plaintiff and Defendants shall meet and confer to establish a mutually agreeable schedule for any designations and counter-designations.

11.    Plaintiff Securities and Exchange Commission's Motion *in Limine* No. 11 to Preclude the Defendants From Calling the SEC's Accounting Expert as a Witness at Trial (Doc. No. [249]) is **DENIED** as follows:

    a.    The motion is **DENIED** to the extent Plaintiff seeks to prevent Defendants from calling Plaintiff's accounting expert, Gil Miller, to testify at trial.

    b.    The Court reserves the right to limit the scope of Defendants' examination of Mr. Miller at trial, if necessary.

12.    Plaintiff Securities and Exchange Commission's Motion *in Limine* No. 12 to Preclude Defendant Todd Duckson From calling His Law Partner and Co-Defendants' Attorney Scott Carlson as a Witness at Trial, or in the Alternative, to Disqualify Carlson From Representing Any Parties at Trial (Doc. No. [254]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a.    To the extent Plaintiff seeks to have Scott Carlson disqualified from representing any party at trial, the motion is **GRANTED**.

  b. To the extent Plaintiff seeks to prohibit Scott Carlson from testifying at trial, the motion is **DENIED**, provided that Mr. Carlson is made available for deposition prior to trial.

  c. To the extent Plaintiff seeks to depose Scott Carlson prior to trial, the motion is **GRANTED**.  Defendants have indicated that they are willing to provide Mr. Carlson for deposition prior to trial.  Plaintiff and Defendants shall meet and confer and decide upon a mutually convenient time to conduct the deposition, prior to trial.

13. Plaintiff Securities and Exchange Commission's Motion *in Limine* No. 13 to Exclude Reference to Bernard Madoff or Other Unrelated SEC Cases or Investigations (Doc. No. [293]) is **GRANTED** as follows:

  a. The parties shall not make reference to Bernard Madoff.  Such statements shall be presumptively inadmissible.

  b. References to other SEC litigation shall be presumptively inadmissible.

  c. The Court will reserve ruling on any issues that arise during trial regarding any reference to other SEC litigation.  In the event either party feels that the other has "opened the door" during trial, or that such references to any other litigation should be admissible, counsel must approach the Court outside the presence of the jury.

14. With respect to the issue of bifurcation, the Court rules that the liability and remedy phases of the trial of this matter shall be **BIFURCATED**. The liability phase shall be conducted prior to, and separate from, the remedy phase.

15. With respect to the testimony of other witnesses by way of deposition, the Court issues the following ruling:

    a. To the extent Plaintiff has requested to introduce the deposition testimony of witnesses David Woodard, Andrew Regalia, and Gary Sidder at trial, that request is **DENIED**.

    b. While witnesses who are located more than 100 miles away are considered "unavailable" pursuant to Rule 32(a)(4)(B) of the Federal Rules of Civil Procedure, the Court finds that the nation-wide subpoena power under the Dodd-Frank Act, and the requirements of Rule 804 of the Federal Rules of Evidence, necessitate that Plaintiff make a concerted effort to procure the live testimony of David Woodard, Andrew Regalia, and Gary Sidder at trial. *See* 15 U.S.C. § 77v(a); Fed. R. Evid. 804(a)(5).

    c. The Court reserves the right to revise its ruling in the event Plaintiff is unable to procure the appearance at trial of David Woodard, Andrew Regalia, or Gary Sidder by subpoena or other reasonable means.

16. With respect to business records offered by Defendants pursuant to Rule 902(11), the Court will address any issues arising from such exhibits at such a time as may be practicable during the trial.

Dated: September 6, 2013          <u>s/Donovan W. Frank</u>
                                              DONOVAN W. FRANK
                                              United States District Judge