AO450 (Rev. 5/85)  Judgment in a Civil Case

# UNITED STATES DISTRICT COURT
## District of Minnesota

Securities and Exchange Commission

V.

True North Finance Corporation, f/k/a CS Financing Corporation; Capital Solutions Monthly Income Fund, LP, f/k/a Hennessey Financial Monthly Income Fund, LP; Capital Solutions Distributors, LLC; Capital Solutions Management, LP; Transactional Finance Fund Management, LLC; Todd A. Duckson Michael W. Bozora; Timothy R. Redpath; and Owen Mark Williams

**JUDGMENT IN A CIVIL CASE**

Case Number:   10-cv-03995 (DWF/JJK)

☐ **Jury Verdict.**  This action came before the Court for a trial by jury.  The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court.**  This action came to trial or hearing before the Court.  The issues have been tried or heard and a decision has been rendered.

I.

IT IS ORDERED AND ADJUDGED THAT:

Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a)(2) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)(2)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

II.

IT IS FURTHER ORDERED AND ADJUDGED THAT:

Defendant and Defendant's agents, servants, attorneys and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 15(d) of the Securities Act of 1934 ("Exchange Act") [15 U.S.C. § 78o(d)] and Rule 12b-20 thereunder [17 C.F.R. §§ 240.12b-20] by, directly or indirectly, filing or causing to be filed with the Commission any registration statement pursuant to Section 12(g) of the Exchange Act [15 U.S.C. § 78l], or any annual, current, quarterly, or other report pursuant to

Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and the rules and regulations promulgated thereunder that omits to state any material fact necessary in order to make the statements, in light of the circumstances under which they were made, not misleading.

III.

IT IS FURTHER ORDERED AND ADJUDGED THAT:

Defendant and Defendant's agents, servants, attorneys and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. §78m(b)(2)(A)] by, directly or indirectly, failing to make and keep books, records and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer.

IV.

IT IS FURTHER ORDERED AND ADJUDGED THAT:

Defendant and Defendant's agents, servants, attorneys and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(2)(B)] by, directly or indirectly, devising or maintaining an insufficient system of internal accounting controls that fails to provide reasonable assurances that: (a) transactions are executed in accordance with management's general or specific authorization; (b) transactions are recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles or other criteria applicable to such statements, and to maintain accountability for assets; (c) access to assets is permitted only in accordance with management's general or specific authorization; and (d) the recorded accountability for assets is compared with existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

V.

IT IS FURTHER ORDERED AND ADJUDGED THAT:

the SEC's claims for disgorgement, prejudgment interest, and civil penalties against Defendant are dismissed with prejudice.

VI.

IT IS FURTHER ORDERED AND ADJUDGED THAT:

the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VII.

IT IS FURTHER ORDERED AND ADJUDGED THAT:

that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VIII.

IT IS FURTHER ORDERED AND ADJUDGED THAT:

nothing in the Consent or this Final Judgment shall be construed to affect any claims by or against the SEC relating to remaining Defendants the Capital Solutions Monthly Income Fund, f/k/a the Hennessey Financial Monthly Income Fund, Transactional Finance Fund Management, LLC, and Todd Duckson.

IX.

IT IS FURTHER ORDERED AND ADJUDGED THAT:

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, Final Judgment is entered.

| September 12, 2013 | RICHARD D. SLETTEN, CLERK |
|---|---|
| Date | |
| | s/L. Brennan |
| | (By)    L. Brennan,   Deputy Clerk |